UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-21697-CIV-LENARD/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TWENTY-NINE PRE-COLUMBIAN AND
COLONIAL ARTIFACTS FROM PERU, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION FOR PROTECTIVE ORDER AND IMMUNITY

This Cause is before the Undersigned on the Claimant Jean Combe-Fritz's ("Claimant") Motion for Protective Order and Immunity (the "Motion"). [ECF No. 73]. The Undersigned has reviewed the Motion, the Plaintiff United States' (the "Government") response in opposition to the Motion [ECF No. 80], Claimant's reply in support of the Motion [ECF No. 83], and all other pertinent portions of the record. For the reasons outlined below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

I. **The Request for a Protective Order is Granted in Part and Denied in Part.**

A party may file a motion for protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and a district court may issue a protective order for "good cause." Fed. R. Civ. P. 26(c). The movant bears the burden of showing the necessity for a protective order, and must meet this burden with a "'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 335-36 (11th Cir. 2011) (quoting *United States v. Garrett,* 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978)). "In addition to requiring good cause, the district court must 'balance the interests of those requesting the order.'" *Id.* (quoting *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 92 (11th Cir. 1989)).

Here, Claimant's purported grounds for protective order are largely speculative, conclusory, and vague. In his supporting memorandum, Claimant alleges that he "reasonably fears prosecution in the instant matter as, upon information and belief, the U.S. Government has either launched a criminal inquiry or is improperly using civil discovery in this forfeiture action to gather evidence for a potential criminal proceeding." [ECF No. 73-1, p. 2]. Claimant's concerns are purportedly based on two grounds: (1) the allegedly broad-based document subpoenas issued to potential non-party witnesses in this case, which he says "demonstrate an intent to use civil discovery as a means to obtain information unrelated to this forfeiture case," and (2) the lead

2

AUSA's reminder to Claimant's counsel, while attempting to schedule Claimant's deposition, that Claimant has 5th Amendment rights. [ECF No. 73-1, p. 3].

The Undersigned does not find these purported grounds for protective order particularly persuasive. Document subpoenas are often "broad-based," and the AUSA has had well-documented difficulties attempting to take Claimant's deposition - - and it follows that she would remind Claimant's counsel that Claimant could invoke the 5th Amendment should he choose. At the same time, however, Claimant's concerns are not entirely without merit and cannot be *entirely* discounted, despite his, at best, thin basis for a protective order. Criminal prosecution is not an irrational fear, and discovery obtained by the Government in this civil forfeiture action could be used in a criminal investigation or prosecution. Based on this, the Undersigned will provide Claimant some limited relief, though not near the amount Claimant requests, as outlined below.

> **a. Claimant's Deposition Transcript and Document Productions may be Used Only in Connection with this Case, However, Claimant's Request That the Undersigned Seal his Deposition Transcript to Prevent its use by the Government of Peru in any Potential Peruvian Criminal Action or use by any Other Third Party is Denied.**

Claimant's deposition transcript and any documents that Claimant produces may be used only in connection with this case. The transcript and any documents that Claimant produces in this civil forfeiture action may not be sent to federal criminal prosecutors or agents who may be investigating Claimant for potential criminal proceedings. However, this limited protective order is in no way meant to curtail the

3

AUSA and her investigators from performing due diligence on Claimant's deposition testimony or the documents that Claimant produces in this case. To the contrary, they are *expressly permitted* to probe the veracity of Claimant's deposition testimony and the accuracy and significance of any documents that Claimant may produce, and they are specifically *not* precluded from doing this in Peru.  In addition, the AUSA and her investigators are not foreclosed from exploring issues arising from Claimant's deposition testimony and/or from documents that he produces with Peruvian government officials.  If the Undersigned were to find otherwise, then the United States would be hampered in its ability to prepare this case and to assess Claimant's factual positions.

### b. The Parties are Free to Enter Into a Confidentiality Agreement Limiting Use of Information Gathered in this Case.

The parties may, as they may in any case, enter into a fairly standard confidentiality order to protect privileged information, trade secrets, unduly personal information (such as medical records), and proprietary and sensitive information.  This type of confidentiality order is often entered in civil cases, especially commercial cases involving patents, intellectual property, trade secrets, pricing information, client lists, and the like, but nothing prohibits such an order here.  *See, e.g.*, *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) ("Because parties often resist the exchange of confidential information, parties regularly agree, and courts often order, that discovery information will remain private.") (internal quotations omitted).  Such confidentiality

4

orders typically include a mechanism for the non-designating party (i.e., the Government, in this specific case) to challenge the designation of a document as confidential. They also typically provide that the documents can be shown to expert witnesses and deponents.

## II.   The Request for Immunity is Denied.

Claimant previously raised the issue of whether an Order should be issued directing the Justice Department to grant immunity to Claimant in order to protect Claimant's rights against self-incrimination. [ECF No. 64, p. 1]. This issue was discussed at the June 27, 2014 hearing in this case, where the Claimant's counsel acknowledged he was not aware of any authority where a court compelled the Justice Department to issue immunity to a claimant in a civil forfeiture proceeding. [ECF No. 72, p. 5].

In Claimant's Motion for Protective Order, he further acknowledges that "the decision to grant immunity is committed to the sole discretion of the executive branch," but argues that this Court "could impose sanctions for a failure by the government to respond affirmatively to a request for immunity." [ECF No. 73-1, p. 4]. Claimant cites *U.S. v. U.S. Currency*, 626 F.2d 11, 17 (6th Cir. 1980) for this proposition, which in turn cites *United States v. Klauber*, 611 F.2d 512, 517 (4th Cir. 1979). In *Klauber*, the 4th Circuit first noted that a district court has no power to confer immunity, and then noted that "**[a]t most**, [the district court] could impose sanctions for a failure by the government to

5

respond affirmatively to a request that the witness be immunized." *Klauber*, 611 F.2d at 517 (emphasis added).  The 4th Circuit then discussed two cases where unfair conduct by the government might warrant such relief.  For instance, in one case, the government threatened to prosecute a witness that a defendant intended to call at trial, and in so doing, caused the witness to invoke the 5th noAmendment and refuse to testify.  *Id.* (citing *United States v. Morrison*, 535 F.2d 223 (3d Cir. 1976), *cert. denied*, 429 U.S. 824 (1976)).

In cases of such fundamentally unfair government action, it *might* be appropriate to criticize the government for a failure to immunize a witness.  *Klauber*, 611 F.2d at 517.  But in this case, Claimant has failed to show how the Government's actions to date have been unduly unfair.  Given that this civil forfeiture lawsuit is based on an alleged violation of criminal statutes, there will of course be discovery which is relevant to both this civil case and a potential criminal investigation.  That is often the case, but it does not mean that the Government is engaged in misconduct, nor does it mean that it cannot obtain relevant discovery.  The request for immunity is denied.

**DONE AND ORDERED** in Chambers, in Miami, Florida, August 6, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Honorable Joan A. Lenard
All Counsel of Record