UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-21697-CIV-LENARD/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TWENTY-NINE PRE-COLUMBIAN AND
COLONIAL ARTIFACTS FROM PERU, *et al.*,

    Defendants.
_____/

## ORDER DENYING CLAIMANT'S MOTION TO OBTAIN DEPOSITION OR EXCLUDE TESTIMONY OF CUSTOMS AND BORDER PROTECTION WITNESSES [ECF NO. 159]

U.S. District Court Judge Joan A. Lenard referred to the Undersigned, based on the parties' consent [ECF Nos. 26; 94; 213], Claimant Jean Combe-Fritz's ("Claimant") Motion to Obtain Deposition or Exclude Testimony of Customs and Border Protection Witnesses [ECF No. 159]. The Undersigned has reviewed the Motion, the United States' (the "Government") response in opposition [ECF No. 175], and the Claimant's reply in support of his Motion [ECF No. 186]. For the reasons outlined below, the Undersigned **DENIES** the Motion.[1]

---

[1]     Pursuant to 28 U.S.C. § 636(c) and Magistrate Rule 1(h) of the Local Rules of the Southern District of Florida, the parties have consented to having a magistrate judge

I.      Background

In his Motion, Claimant requests either a court order requiring the Government to produce four Custom and Border Protection ("CBP") witnesses (the "CBP Witnesses")[2] for deposition, or excluding those persons from testifying at trial.

Claimant attached deposition notices for each of these persons to his Motion. In each case, the certificate of service states that the deposition notice was served on August 5, 2014, and that the deposition would occur on either August 14, 2014 or August 15, 2014. [ECF Nos 159-1, p. 3; 159-2, p. 3; 159-3, p. 3; 159-4, p. 3]. By email dated August 8, 2014, Government counsel notified Claimant's counsel that she would not produce the CBP Witnesses for deposition at the noticed dates and times because she would "*not have enough time* to prepare." [ECF No. 159-5, p. 1 (emphasis in original)]. Government counsel noted that she would need to review each deponent's testimony, decide whether to assert one of three potentially applicable executive privileges, and then formally assert that privilege if necessary. [*Id.*]. She also stated that Claimant's counsel still would have time to take the depositions of the CBP Witnesses, presumably

---

decide, and issue final orders on, motions concerning discovery, motions for costs, motions for attorney's fees, and motions for sanctions or contempt. [ECF No. 26]. The District Court entered an order of reference giving that agreement full force and effect. [ECF No. 94]. Because there is consent and an implementing order, any appeals or objections to this order must be presented to the Eleventh Circuit Court of Appeals.

[2]      The witnesses at issue are Evelyn Pino, Kareem E. Lilas, Hector Firpo, and Yenny Armengol. [ECF No. 159, p. 1].

2

for a date and time before the discovery cutoff, but with sufficient notice to allow Government counsel to adequately prepare for the depositions. [*Id.*].

Per email communications attached to Claimant's reply brief, it appears that the parties then discussed the timing of the CBP Witness depositions, and Claimant agreed to postpone them to a date and time to be determined later. [ECF Nos. 175-1; 175-2]. Claimant suggested at that time that the depositions could occur in late September, *after* the discovery cutoff. [*Id.*]. It appears that both parties, at that time, anticipated that this case would either be dismissed or that the fact discovery cutoff would be extended. [ECF No. 186-2]. Fact discovery was extended twice in this case, first to August 18, 2014 [ECF No. 47], and then to September 1, 2014 [ECF No. 105] -- but it was not extended again. Needless to say, the depositions never occurred.

Claimant's Motion essentially argues that just because the Government did not have adequate time to prepare these witnesses for deposition, the Government "is not entitled to sandbag Claimant by denying him an opportunity to examine the Government's chief witnesses prior to trial." [ECF No. 159, p. 2]. However, it should be noted that Claimant has not pointed to *any* evidence that he attempted to later reschedule these depositions or that the Government prevented him from doing so. Instead, he simply allowed the issue to lapse.

3

**II.     Analysis**

"Motions in limine are disfavored; admissibility questions should be ruled upon as they arise at trial." *Begualg Inv. Mgt., Inc. v. Four Seasons Hotel Ltd.*, 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013) (internal citation omitted). "'A court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds.'" *Id.* (quoting *United States v. Gonzalez,* 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010)). Simply because a motion in limine is denied, does not mean that the information at issue in the motion will be admitted at trial. *Biscayne Cove Condo. Ass'n Inc. v. QBE Ins. Corp.*, 10-23728-CIV, 2013 WL 2646828, at *3 (S.D. Fla. June 12, 2013) (internal citation omitted). Instead, denial of a motion in limine "means the Court cannot make the decision about the admissibility of the evidence outside the context of trial." *Id.* (internal citation omitted).

The Motion at issue here is denied. Claimant's failure to take the depositions of the CBP Witnesses is not grounds for precluding these persons from appearing at trial. The Government has described these persons as "chief witnesses" and Claimant has no one to blame but himself for his failure to take their depositions. [ECF No. 158, p. 2].

Claimant knew about all four CBP Witnesses well in advance of the discovery deadline in this case, as evidenced by his "deposition notices" sent to Government

4

counsel on August 5, 2014.[3] Claimant agreed to postpone the depositions, originally noticed a short while later (August 14th and 15th), agreeing with Government's counsel that "holding depositions next week will not be easy to do." [ECF No. 175-2, p. 1]. While he suggested postponing depositions until late September, the discovery deadline at that time was August 18, 2014. Claimant's apparent belief that discovery would be extended (again) was misplaced, and he relied on that belief at his own peril.[4] His misplaced assumption that discovery would be extended cannot support a motion in limine.

Claimant's argument that the Government "is not entitled to sandbag [him] by denying him an opportunity to examine the Government's chief witnesses prior to trial," is not well taken. [ECF No. 159, p. 2]. The Government never denied Claimant the opportunity to take the depositions of the CBP Witnesses, it only requested more time to prepare for those depositions, and Claimant agreed to that request. Claimant could have, and indeed *should* have, re-noticed these depositions for a later time *within the discovery period*. Claimant's failure to timely take depositions of witnesses under these

---

[3]   Claimant likely knew of at least some of the CBP Witnesses long before August 2014. Government counsel states that she discussed two of these witnesses with Claimant's counsel in October **2013**, in advance of filing the Joint Scheduling Report. [ECF No. 158, p. 2]. This case concerns artifacts seized at Miami International Airport by CBP. Claimant quite clearly knew that certain CBP officials or employees would be key fact witnesses at the outset of this case, in 2013, if not long before, when the artifacts at issue were seized (in 2010).

[4]   The District Court had at that time already made it clear that it only amends scheduling orders in "the rarest of circumstances" [ECF No. 93].

circumstances is certainly not grounds to grant a motion in limine and exclude the testimony.

Alternatively, Claimant requests leave to take the depositions of the CBP Witnesses now, *five months after the close of discovery*, and on the eve of trial. The District Court has noted twice in this case that it extends pretrial deadlines only "in the rarest of circumstances such as an interlocutory appeal." [ECF Nos. 93; 137]. Claimant's failure to timely obtain deposition testimony, particularly the testimony of the CBP Witnesses, whose identity Claimant knew well in advance of the discovery deadlines, does not come close to meeting this standard. The Undersigned therefore **denies** the motion.

**DONE AND ORDERED** in Chambers, in Miami, Florida, February 3, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Honorable Joan A. Lenard
All Counsel of Record