
PUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 13-21697-CIV-LENARD/GOODMAN**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TWENTY-NINE PRE-COLUMBIAN AND
COLONIAL ARTIFACTS FROM PERU, *et al.*,

    Defendants.
_____/

## ORDER GRANTING GOVERNMENT'S SECOND MOTION IN LIMINE [ECF No. 157]

U.S. District Court Judge Joan A. Lenard referred to the Undersigned, based on the parties' consent [ECF Nos. 26; 94; 213], the United States' (the "Government") Second Motion in Limine: to Exclude Testimony of Witness Marianne Huber for Claimant's Failure to Comply with Fed. R. Civ. P. 26(A) (the "Motion") [ECF No. 157]. The Undersigned has reviewed the Motion, Claimant Jean Combe-Fritz's ("Claimant") response in opposition [ECF No. 180], and the Government's reply in support of its Motion [ECF No. 192]. For the reasons outlined below, the Motion is **GRANTED**. [1]

---

[1]     Pursuant to 28 U.S.C. § 636(c) and Magistrate Rule 1(h) of the Local Rules of the Southern District of Florida, the parties have consented to having a magistrate judge decide, and issue final orders on, motions concerning discovery, motions for costs,

I.      **The Motion and Response**

In its Motion, the Government seeks to preclude Claimant's expert witness, Marianne Huber, from testifying at trial, based on Claimant's failure to comply with Federal Rule of Civil Procedure 26 and the Court's January 9, 2014 Scheduling Order. [ECF No. 157]. Per the Scheduling Order, the deadline to disclose an expert and provide expert reports was August 15, 2014. [ECF No. 39, p. 2]. Expert discovery in this case ended on October 9, 2014. [*Id.*].

Claimant did not disclose Huber as an expert until the afternoon of October 7, 2014 -- months after the deadline for such a disclosure and with just two days before the expert discovery deadline. [ECF No. 157, p. 2]. To date, Claimant has *still* not provided an expert report for Ms. Huber.[2] [*Id.*; ECF No. 192, p. 2]. While Claimant filed a motion to extend the expert discovery deadline (which the Government opposed), the District Court denied that motion. [ECF Nos. 126; 132; 137].

In its Motion, the Government notes that Huber did not even inspect the artifacts at issue in this case until October 9, 2014 -- the day expert discovery concluded. As a

---

motions for attorney's fees, and motions for sanctions or contempt. [ECF No. 26]. The District Court entered an order of reference giving that agreement full force and effect. [ECF No. 94]. Because there is consent and an implementing order, any appeals or objections to this order must be presented to the Eleventh Circuit Court of Appeals.

[2]      The Government states in its Motion and reply brief that Huber still has not provided an expert report. [ECF Nos. 157, p. 2; 192, p. 2]. Claimant did not dispute this assertion in his response brief. [ECF No. 180].

result, the Government had no ability to conduct a meaningful deposition at all within the deadlines established by the District Court. [*Id.*].

In its response in opposition, Claimant argues that his failure to meet the requirements of Rule 26 or the Court's Scheduling Order is substantially justified because of: (1) the Government's fluctuating position on whether, at trial, it must establish that the objects are of Peruvian origin; (2) the Government's production of multiple and conflicting expert reports; and (3) Claimant's good faith efforts to engage an expert. [ECF No. 180, pp. 1-2].

## II.   The Standard

Federal Rule of Civil Procedure 26(a)(2) provides that a party must disclose the names of its expert witnesses, and, unless the court orders otherwise, those disclosures must be accompanied by written reports. Fed. R. Civ. P. 26(a)(2)(A)-(B). Rule 37(c)(1) states that a party who fails to comply with Rule 26(a)(2) is "not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) also provides alternate sanctions.

The expert disclosure requirement under Federal Rule of Civil Procedure 26(a)(2)(B) "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir.

2008). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (internal quotation omitted).

Courts in this Circuit routinely strike expert affidavits or preclude expert testimony for a failure to meet the requirements of Federal Rule 26. *See id.* at 1264-66 (affirming district court ruling striking expert affidavit where plaintiff notified defendants of expert, verbally, twelve days before close of discovery, no expert report was furnished at that time, and expert affidavit was not submitted until seven weeks after close of discovery); *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC,*[3] 845 F. Supp. 2d 1241, 1248 (M.D. Fla. 2012) aff'd in part, 505 Fed. App'x 928 (11th Cir. 2013) (unpublished) (granting motion in limine to preclude expert testimony where plaintiff failed to timely comply with extended court deadlines, did not show these failures were substantially justified, and expert report failed to comply with Rule 26 requirements); *Kobie v. Fifthian*, 2:12-CV-98-FTM-29DNF, 2014 WL 1652421, at *5 (M.D. Fla. Apr. 23, 2014) (precluding expert from testifying to matters not contained in his expert report).

---

[3]   The district court noted that "because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, . . . compliance with the requirements of Rule 26 is not merely aspirational." *Mobile Systems*, 845 F. Supp. 2d at 1248; *see also Cooper v. Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004) (district court did not abuse discretion in excluding Plaintiff's expert when they never provided an expert witness report).

4

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.,* 318 Fed. App'x. 821, 824 (11th Cir. 2009) (unpublished) (citation omitted). In determining whether the failure to sufficiently disclose an expert witness is substantially justified or harmless, courts are guided by several factors, including: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *U.S. ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.,* No. 8:06–cv–40–T–33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009) (internal quotation omitted).

### III. Analysis

Claimant does not dispute that he failed to timely disclose Marianne Huber as an expert witness or that he never provided an expert report. Instead, he focuses his response on whether that failure was substantially justified. [ECF No. 180]. Nearly all of Claimant's reasoning speaks to the fifth factor noted above, i.e., his explanation for the failure to meet the requirements of Rule 26.

However, none of the cited reasons adequately explains the failure to disclose. First, Claimant points to the Government's fluctuating position on what it must prove at trial to prevail in this case. However, the Government's position on this issue (whether the Government must prove that the artifacts in dispute are of Peruvian

5

origin) should not have been the sole consideration in Claimant's decision of whether to retain Ms. Huber as an expert. Claimant appears to argue that the Government must prove that the artifacts at issue in this case originated in Peru. Ms. Huber's expert testimony would speak directly to this issue, yet Claimant did not timely retain her. Claimant argues he did not timely retain Ms. Huber because he believed the Government would not engage its own expert(s) on this issue. This is not a substantial justification for failing to meet the requirements of Rule 26. If Claimant thought that the issue of Peruvian origin was critical to this case, then he should have retained an expert on that issue without regard to the Government's position on the issue.

Claimant's argument that the Government's conflicting expert reports somehow substantially justify his own failure to timely meet Rule 26 obligations vis-à-vis Ms. Huber is similarly unavailing. Claimant is tasked with preparing his own case and should have anticipated his need for Ms. Huber's (or another expert's) testimony long before the expert disclosure or expert disclosure deadlines.

Claimant's argument that his efforts to engage an expert evidence good faith that somehow substantially justifies his Rule 26 violations is factually incorrect. Claimant's own timeline of events states that "[o]n or about August 8, 2014, after a significant search, Claimant identified and invited Marianne Huber as a potential candidate to serve as Claimant's expert witness." [ECF No. 180, p. 6]. Apparently, she initially *declined* the invitation but ultimately agreed on September 30, 2014, to serve as

6

Claimant's expert -- after other experts were unavailable. [*Id.* at pp. 6-7]. But, Claimant did not even locate Ms. Huber until **seven months after the Court issued its Scheduling Order** [ECF No. 39], and just **seven days before the deadline to identify experts** and provide an expert witness report. This timeline does **not** evidence good faith.

Many other factors militate against allowing Ms. Huber to testify at trial as well. The Government was not put on notice of Ms. Huber until six weeks **after** the deadline set by the Court's Scheduling Order. The Government had no opportunity to take the deposition of Ms. Huber before the expert discovery cutoff in this case, and so had little or no opportunity to cure the surprise caused by the untimely disclosure. To date, Ms. Huber has *still* not provided an expert witness report. [ECF No. 192, p. 2]. While evidence that Ms. Huber might present at trial could be important to Claimant's case, that fact alone cannot substantially justify his failure to meet the requirements of Rule 26 and the Court's Scheduling Order, nor can it sufficiently address the severe prejudice this failure has caused the Government.

While Claimant argues that the Government would suffer no prejudice since "Claimant's expert would appear for a deposition by the Government before trial," this argument, too, is unavailing. Expert discovery in this case has concluded. The District Court has already denied Claimant's effort to extend the expert witness discovery deadline, noting that it only grants such requests in the "rarest of circumstances," such

as during an interlocutory appeal. [ECF No. 137]. Claimant cannot cure the prejudice that allowing Ms. Huber to testify at trial would cause the Government. The Government's Second Motion in Limine, to Exclude the Testimony of Witness Marianne Huber, is **GRANTED.**

**DONE and ORDERED,** in Chambers, in Miami, Florida, February 3, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Honorable Joan A. Lenard
All Counsel of Record