UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-21697-CIV-LENARD/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TWENTY-NINE PRE-COLUMBIAN AND
COLONIAL ARTIFACTS FROM PERU, *et al.*,

    Defendants.
_____/

## ORDER GRANTING, IN PART, GOVERNMENT'S FIRST MOTION IN LIMINE: TO EXCLUDE TESTIMONY OF CLAIMANT COMBE FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 26 [ECF NO. 165]

U.S. District Court Judge Joan A. Lenard referred to the Undersigned, based on the parties' consent [ECF Nos. 26; 94; 213], the United States' (the "Government") First Motion in Limine: to Exclude Testimony of Claimant Combe for Failure to Comply with Fed. R. Civ. P. 26 (the "Motion") [ECF No. 165]. The Undersigned has reviewed the Motion, Claimant Jean Combe Fritz's ("Claimant") response in opposition [ECF No. 179], and the Government's reply in support of its Motion [ECF No. 188]. For the reasons outlined below, the Motion is **GRANTED, in part.** Claimant must appear for

deposition in Miami within ten days of this Order, or he will be excluded as a trial witness.[1]

## I.     Background

The Government's efforts to take Claimant's deposition in this case are very well documented. On February 12, 2014, the Government first noticed Claimant's deposition for March 13, 2014. [ECF No. 87, p. 2]. Claimant attempted to prevent the deposition from going forward until his then-pending motion to dismiss was resolved, but the prior magistrate judge assigned to this case (Magistrate Judge John O'Sullivan) ordered that Claimant's deposition should go forward, to a time to be set by the Government after consultation with Claimant's counsel. [ECF No. 42]. Subsequently, the Government unsuccessfully noticed or attempted to notice Claimant's deposition for four additional dates. [*Id.*]

Claimant then filed a Motion for Protective Order on July 3, 2014. [ECF No. 73]. In that motion, Claimant acknowledged that he must "participate in discovery," "in order to argue for the return of his property." [*Id.* at p. 2]. However, because he claimed that he feared information in this case may be used in a not-yet-filed parallel criminal

---

[1] Pursuant to 28 U.S.C. § 636(c) and Magistrate Rule 1(h) of the Local Rules of the Southern District of Florida, the parties have consented to having a magistrate judge decide, and issue final orders on, motions concerning discovery, motions for costs, motions for attorney's fees, and motions for sanctions or contempt. [ECF No. 26]. The District Court entered an order of reference giving that agreement full force and effect. [ECF No. 94]. Because there is consent and an implementing order, any appeals or objections to this order must be presented to the Eleventh Circuit Court of Appeals.

proceeding, he sought a protective order limiting the use of his deposition testimony or any document production to only this civil forfeiture proceeding. In addition, Claimant sought the sealing of his deposition transcript to prevent its use by the government of Peru (where he also fears civil or criminal proceedings related to this case may arise) or any other third party. [*Id.*]. As an alternative to limiting the Government's use of his deposition testimony, Claimant sought an order from the Government requiring the Government to grant him immunity. [*Id.* at 2].

The Undersigned entered a limited protective order, despite finding Claimant's purported grounds for a protective order "largely speculative, conclusory, and vague." [ECF No. 92, p. 2]. Specifically, the Undersigned limited the use of Claimant's deposition testimony and document productions to this case, stating that these items "may not be sent to federal criminal prosecutors or agents who may be investigating Claimant for potential criminal proceedings." [*Id.* at p. 3]. The Undersigned denied the request to seal Claimant's deposition transcript to prevent its use by the Peruvian Government or any other third party, and also denied the request for an order requiring the Government to grant him immunity. [*Id.*].

The Government then set a deposition date for August 18, 2014, the last day of fact discovery at that time. According to the Government, Claimant still refused to testify or produce documents, continuing to assert he could not testify for fear of prosecution in Peru, or civil suit by persons in the United States or Peru. [ECF No. 165,

p. 2]. Claimant does not expressly dispute this, and instead notes that he attempted to negotiate a confidentiality order that would alleviate his concerns, and that he would have appeared for deposition had such an order been negotiated and entered. [ECF No. 179, pp. 8-9]. The fact discovery deadline in this case was extended by the District Court, but expired on September 1, 2014. [ECF No. 105]. Claimant never appeared for deposition.

Nevertheless, Claimant listed himself as a witness on his trial witness list. [ECF No. 201-5]. This alarmed the Government, which then filed this Motion in Limine to exclude Claimant from testifying at trial. The Government notes that the parties have *still* not executed a confidentiality agreement and so Claimant's intent to testify at trial directly contradicts his position on why he could not submit to deposition (fear that his testimony in this proceeding might aid or precipitate a parallel, related proceeding). [ECF No. 197, p. 4]. In the Government's view, this shows Claimant's prior conduct was part of a deliberate plan to avoid providing the Government discovery in this case. [*Id.*]. Claimant describes the Government's argument as incorrect, and he says that in fact he *still* will not testify at trial absent a confidentiality agreement. He also says that he listed himself on the trial witness list in the event the parties were able to reach such an agreement. [ECF No. 212, p. 3].

## II. Analysis

The Government has been trying to take Claimant's deposition for quite some time. It was never able to accomplish this important strategic step. It appears to the Undersigned that the Government's theory -- that Claimant has been pursuing a strategy of avoiding his deposition -- is certainly viable. Basically, Claimant would raise an objection to a scheduled deposition, usually at the last moment. When that specific objection was resolved, he would interpose another one, again, shortly before the deposition was to take place. Claimant has proffered reasons for his repeated no-shows, but the Government's response to those explanations is persuasive.

The Undersigned is not concluding that Claimant does not actually fear prosecution in Peru. Maybe he does. But Fifth Amendment protections do not extend to prosecution by foreign countries. *United States v. Balsys*, 524 U.S. 666 (1998); *see also Valenzuela v. United States*, 286 F.3d 1223, 1229 (11th Cir. 2002).

Concerning Claimant's argument that he fears criminal prosecution in this country, the earlier-entered protective order provides a significant amount of protection. However, to the extent that Claimant still has a *bona fide* Fifth Amendment concern that answers to deposition questions might tend to incriminate him, **this would not give him the right to simply not appear at all for a deposition**. Instead, it would give him the ability to assert his Fifth Amendment privilege on a question-by-question basis at the deposition. *United States v. Goodwin*, 625 F.2d 693 (5th Cir. 1980); *United*

*States v. Kowalik,* 809 F. Supp. 1571 (S.D. Fla. 1992); *United States v. Argomaniz,* 925 F.2d 1349, 1355 (11th Cir. 1991); *see also N. River Ins. Co., Inc. v. Stefanou,* 831 F.2d 484 (4th Cir. 1987) (accountant improperly made broad 5th Amendment assertions in a civil deposition).

Moreover, if Claimant refused to answer deposition questions, then he would not be permitted to testify at trial about those same issues. In addition, a Fifth Amendment assertion might also lead to an adverse inference at trial. *Baxter v. Palmigiano,* 425 U.S. 308, 318-20 (1976); *Coquina Invs. v. TD Bank, N.A.,* 760 F.3d 1300, 1310-12 (11th Cir. 2014*); Avirgan v. Hull,* 932 F.2d 1572, 1580 (11th Cir. 1991). The point here, however, is that Claimant cannot simply refuse to even appear for a deposition based on a fear, even if legitimate, of criminal prosecution based on his deposition testimony. 8 Wright, Miller & Marcus, *Federal Practice & Procedure* § 2018 ("If a deposition is sought, the availability of the privilege is not a ground for vacating the notice of the deposition" and the "proper procedure is for the deponent to attend the deposition" so that a court can later determine "whether particular questions asked" justified a Fifth Amendment assertion).[2]

Given its inability to take Claimant's deposition, the Government has filed this motion in limine.

---

[2] If Claimant were to invoke his Fifth Amendment right at his deposition, then the United States, although entitled to an adverse inference, would not be entitled to a summary judgment in its favor based *solely* on the Fifth Amendment assertion. *SSH2 Acquisitions, Inc. v. Howard,* No. 10-61703 2022 WL 668042, at *2 (S.D. Fla. Feb. 29, 2012).

6

As a general matter, "motions in limine are disfavored." *Begualg Inv. Mgt., Inc. v. Four Seasons Hotel Ltd.*, 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013) (internal citation omitted). "'A court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds.'" *Id.* (quoting *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010)). Separately, Federal Rule of Civil Procedure 30(d)(2) provides for an "appropriate sanction" on a person who impedes, delays, or frustrates the fair examination of a deponent. Rule 37(d) allows a court to enter sanctions, on motion, where a party fails to appear for deposition after being served with proper notice. Sanctions can include prohibiting the offending party from introducing designated matters into evidence.[3] Fed. R. Civ. P. 37(b)(2)(A)(i). Any of these authorities would provide grounds for excluding Claimant from testifying at trial.

While the Government never sought a court order compelling Claimant to appear for deposition, there is no dispute that Claimant's deposition was properly noticed and scheduled *many times*. Claimant continuously refused to appear for deposition, citing fear of criminal prosecution or of separate civil proceedings in the United States or Peru that might rely substantially on his testimony in this case. A

---

[3]     Under the Rule, the party failing to act or its attorney must pay reasonable expenses, including attorney's fees, unless the failure was substantially justified or other circumstances make the award of expenses unjust. In this case, the Undersigned is not founding this order solely on Rule 37(d), and in any event, excluding Claimant from testifying at trial is a strong enough sanction in this instance. A further sanction may well be unjust, and a costs and fees award may prolong pretrial motion practice unnecessarily.

protective order was issued to alleviate Claimant's principal fear -- that this case was just a stalking horse for the Government's soon-to-be-filed criminal case -- and yet, Claimant *still* refused to appear for deposition. Even now, in his response, Claimant relies heavily on what the Undersigned previously described as "at best, thin" evidence of such criminal proceedings. [ECF No. 92, p. 3]. It would be fundamentally unfair to allow Claimant to hold this position throughout the entire discovery period, and then to appear as a witness at trial (even with a protective order in place).

Claimant's argument that he still does not intend to testify at trial absent execution of a confidentiality agreement is unavailing. To be sure, the Undersigned did previously explain to the parties that they could enter into a "confidentiality order to protect privileged information, trade secrets, unduly personal information (such as medical records), and proprietary and sensitive information." [ECF No. 92, p. 4]. But the Government did not enter into such an agreement and has not indicated that it would be amenable to such an agreement in any filing. Even if the parties *did* execute such an agreement **now**, discovery is over. As of now, the Government does not have the ability to take Claimant's deposition in advance of trial, and would be severely prejudiced as a result.[4] The Government's ability to successfully cross-examine Claimant or to present a rebuttal witness to counter any of his testimony would be entirely foreclosed if it was not able to take this all important deposition.

---

[4] Unless Claimant appears for deposition within ten days, as he could do under this ruling.

Despite Claimant's intransigence, the Government never expressly sought an Order requiring him to appear for a deposition. In addition, the Court previously noted that Government counsel may not have been sufficiently sensitive to the reaction which might have been generated by her reminder (to Claimant's counsel) that he advise his client of his Fifth Amendment rights before his then-scheduled deposition. Given that the case was recently removed from the trial calendar, there is some leeway to permit Claimant to change his mind and appear for the repeatedly-requested deposition.

Under these circumstances, the Motion to exclude trial testimony from Claimant is **GRANTED in part**. Specifically, Claimant must appear for his deposition within ten days of this Order, or he will be excluded from testifying at trial.

**DONE and ORDRED,** in Chambers, in Miami, Florida, February 3, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Honorable Joan A. Lenard
All Counsel of Record