UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-21697-CIV-LENARD/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TWENTY-NINE PRE-COLUMBIAN AND
COLONIAL ARTIFACTS FROM PERU, *et al.*,

    Defendants.
_____/

## ORDER DENYING GOVERNMENT'S MOTION FOR SANCTIONS BASED ON CLAIMAINT'S REFUSAL TO PARTICIPATE IN DISCOVERY

U.S. District Court Judge Joan A. Lenard referred to the Undersigned, based on the parties' consent, all motions for sanctions. [ECF Nos. 26; 94]. Therefore, the United States' (the "Government") Motion for Sanctions Based on Claimant's Refusal to Participate in Discovery (the "Motion") [ECF No. 197] is now before the Undersigned. The Undersigned has reviewed the Motion, Claimant Jean Combe-Fritz's ("Claimant") response in opposition to the Motion, which includes a cross-motion to set a date certain for trial and to extend certain discovery deadlines [ECF No. 212], and the

Government's reply in support of its Motion [ECF No. 219]. For the reasons outlined below, the Motion is **DENIED**.[1]

## I. Background

Discovery, or the lack thereof, has been a serious issue in this case. This includes Claimant's repeated refusals to appear for his deposition -- a near-constant scenario which is well documented. In short, Claimant's deposition was never taken, despite numerous deposition notices and a protective order limiting the Government's use of the deposition transcript and any documents that Claimant produces to this case (rather than to any parallel U.S. criminal proceedings that Claimant fears may be underway).

The Government previously moved to dismiss this case as a sanction for Claimant's failure to appear for deposition, pursuant to Federal Rule 37(b), for failure to comply with a court order. [ECF No. 87]. The Undersigned denied that Motion, principally because of the Government's failure to meet Local Rule 7.1's pre-filing conferral requirements and the fact that the Government sought only dismissal (rather than some lesser sanction). However, as further detailed below, the Undersigned noted

---

[1] Pursuant to 28 U.S.C. § 636(c) and Magistrate Rule 1(h) of the Local Rules of the Southern District of Florida, the parties have consented to having a magistrate judge decide, and issue final orders on, motions concerning discovery, motions for costs, motions for attorney's fees, and motions for sanctions or contempt. [ECF No. 26]. The District Court entered an order of reference giving that agreement full force and effect. [ECF No. 94]. Because there is consent and an implementing order, any appeals or objections to this order must be presented to the Eleventh Circuit Court of Appeals.

then that the issue of whether Claimant actually violated any specific court order, as required for Rule 37(b) sanctions, was, at least slightly, ambiguous. [ECF No. 118, p. 11].

The Government's latest Motion for Sanctions argues that sanctions "up to and including dismissal of Combe's claim" are warranted because of Claimant's continued failure to appear for deposition, as well as his other discovery violations. [ECF No 197, p. 2]. Those other discovery violations include Claimant's failure: (1) to timely take the depositions of certain Government witnesses;[2] (2) Claimant's failure to comply with Expert Discovery Rules;[3] and (3) Claimant's effort to submit the declaration of his father, under seal, which the District Court denied as moot. [*Id.* at pp. 2-7].

The fact discovery deadline in this case was extended by the District Court, but expired on September 1, 2014. [ECF No. 105]. Little or no discovery was ever taken, by either side.

**II.    Analysis**

The Government's Motion for Sanctions is grounded in Rule 37, and while it doesn't explicitly cite Rule 37(b), it argues sanctions are appropriate because of Claimant's failure to comply with discovery orders. [ECF No. 197, p. 2]. However, as the Undersigned noted in my prior Order denying dismissal as a Rule 37 sanction,

---

[2]    Some of those witnesses are at issue in certain other pretrial motions. [ECF Nos. 158; 159].

[3]    By separate motion, the Government sought to exclude Claimant's expert witness (Marianne Huber) from testifying at trial. [ECF No. 157]. The Court granted the motion earlier today. [ECF No. 222].

whether or not Claimant violated a discovery order by failing to appear for deposition or produce documents in this case is not entirely clear. [ECF No. 118, pp. 8-11]. The prior-assigned magistrate judge (Magistrate Judge O'Sullivan) ordered, on March 25, 2014, that the Claimant's deposition should go forward notwithstanding the fact that Claimant had a then-pending motion to dismiss. [ECF No. 42]. But that order did not unequivocally compel Claimant to appear for deposition; instead, it stated that the deposition should go forward "at this time," at a date and time to "be set by the government after consultation with claimant's counsel." [*Id.*].

The Government now points to Claimant's violations of the Court's Scheduling Order as an alternative grounds for sanction. However, Rule 37(b)(2)(A) specifically relates to violation of *discovery* orders. Needless to say, a scheduling order is not a discovery order.

To be sure, there is authority other than Rule 37(b) (violation of a discovery order) for a court to impose sanctions, including the court's inherent authority, Rule 11, and even a separate portion of Rule 37. Rule 37(d), for example, allows a court to enter sanctions, on motion, where a party fails to appear for deposition after being served with proper notice.

But the Government has not sought sanctions under any other authority. In any event, that other authority may well be unavailing here, because of other orders addressing Claimant's conduct. The Undersigned has, by separate orders, already

4

excluded Claimant's expert, Marianne Huber, and potentially Claimant himself (unless he appears for deposition) from testifying at trial for the same reasons cited in the Government's Motion for Sanctions.[4] The Undersigned has also denied Claimant's motion to exclude certain Customs and Border Protection witnesses from testifying at trial. All of these recommendations work in the Government's favor, not Claimant's. Claimant will, practically speaking, already suffer the consequences of his failure to fully participate in discovery or meet pretrial deadlines. The Government has not shown that **additional** measures are warranted.[5]

In addition, the Government's motion is untimely. As Claimant notes in his response brief, Local Rule 26.1(i) mandates that "motions related to discovery . . . shall be filed within thirty (30) days of the occurrence of grounds for the motion." "Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought." *Id.* The Government's Motion relates entirely to discovery matters, and discovery in this case ended on

---

[4] The Order excludes Claimant from testifying at trial unless he appears for a deposition in the United States within ten days.

[5] The Government's Motion for Sanctions appears to be the only place that it brings up issues related to two of Claimant's designated expert witnesses, Tara Finley and Angel Ludena. The Government did not file a motion in limine to exclude these persons from testifying at trial and does not seek that relief in its Motion for Sanctions. The Government does state it did not have the opportunity to take these persons' depositions. The Government is, of course, free to argue at trial that these two persons should not be permitted to testify.

September 1, 2014, **more than five months ago**. The Motion could be denied on those grounds alone.

Because the Motion is untimely and seeks sanctions only for violation of a discovery order, and because Claimant will already suffer the consequences of other recent orders addressing his failure to meet discovery and pretrial obligations, the Undersigned **DENIES** the Government's Motion for Sanctions.

### III. Claimant's Cross-Motion to Set a Date Certain for the Trial and to Extend Certain Pretrial Deadlines.

In his response, Claimant moves to set a date certain for trial and to extend certain discovery deadlines. He argues that this case should be moved to the complex case management track, which would allow more time for discovery, because it presents novel issues, the parties both miscalculated how much discovery was needed in this case, and the Claimant faces additional issues (communication from Peru is difficult and the Government has provided conflicting expert reports). [ECF No. 212]. The Government opposes the cross-motion and states that it is prepared for trial.[6]

None of Claimant's arguments are new. Claimant already filed a motion to amend the scheduling order and assign this case to the complex track, and to extend the

---

[6]   As already noted, nearly no discovery has occurred in this case. Both sides indicated to the Undersigned at a September hearing that trial without discovery would be difficult, if not impossible, though Claimant's counsel insisted he *could* go to trial, if required. [ECF No. 119, pp. 11-12]. However, it is not the Court's fault that the parties failed to engage in effective discovery. That failure is not proper grounds to reopen discovery. In addition, the Government now states that it can proceed to trial.

discovery deadline, raising the same arguments that he does here. [ECF No. 75]. The District Court denied that motion. [ECF No. 93]. The District Court also denied Claimant's motion to stay this case pending resolution of a related criminal inquiry as well. [ECF Nos. 74; 91]. The District Court did grant limited motions to extend the discovery period (until September 1, 2014), but it denied Claimant's motion for reconsideration of his motion to stay. [ECF Nos. 103; 105]. The District Court also denied Claimant's motion for a 60-day extension of time to complete expert discovery. [ECF No. 137].

As the parties are well-aware, the Undersigned is without authority to establish new deadlines previously set by the District Court. For that reason, the cross-motion will be separately ruled on by the District Court. However, the Undersigned notes that while the District Court does have wide discretion over the discovery process, *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996), the District Court has *repeatedly* denied requests to extend discovery in this case or otherwise significantly change the pretrial scheduling order.

**DONE** and **ORDERED,** in Chambers, in Miami, Florida, February 3, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Honorable Joan A. Lenard
All Counsel of Record